UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| RICHARD KNIGHT,<br><br>                Petitioner,<br><br>vs.<br><br>KEITH YORDY,<br><br>                Respondent. | Case No. 1:16-cv-00459-REB<br><br>**MEMORANDUM DECISION AND ORDER** |

Respondent Keith Yordy filed a Motion for Summary Dismissal in this habeas corpus matter on March 5, 2018. (Dkt. 20.) Petitioner responded by filing a Second Amended Petition. (Dkt. 23.) On July 9, 2018, the Court notified Petitioner that he must file a response to the summary dismissal motion or suffer dismissal of this action for failure to prosecute. (Dkt. 22.) Petitioner filed a response, and the parties filed several other motions that are now ripe for adjudication. (Dkts. 24, 25, 26.)

All named parties have consented to the jurisdiction of a United States Magistrate Judge to enter final orders in this case. (Dkt. 16.) *See* 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73. The Court takes judicial notice of the records from Petitioner's state court proceedings, which have been lodged by the parties. *See* Fed. R. Evid. 201(b); *Dawson v. Mahoney*, 451 F.3d 550, 551 (9th Cir. 2006). Having carefully reviewed the record,

**MEMORANDUM DECISION AND ORDER - 1**

including the state court record, the Court finds that the parties have adequately presented the facts and legal arguments in the briefs and record and that oral argument is unnecessary. *See* D. Idaho L. Civ. R. 7.1(d). Accordingly, the Court enters the following Order.

## REVIEW OF SECOND AMENDED PETITION
## AND MOTION TO STRIKE SECOND AMENDED PETITION

In its Successive Review Order (Dkt. 13), the Court noted that Petitioner has brought fourteen claims in his Amended Petition (Dkt. 11), but he had failed to state whether he exhausted any of them. The Court determined that, to avoid delay, the Court would not require Petitioner to explain the status of exhaustion in a second amended petition. Nevertheless, Petitioner filed a Second Amended Petition (Dkt. 23), which is an exact duplicate of his Amended Petition at Docket 11. Because Petitioner intends Docket 23 to be the operative pleading in this matter and Respondent will suffer no prejudice from permitting amendment, the Court will deny Respondent's Motion to Strike the Second Amended Petition (Dkt. 23).

## REVIEW OF MOTION FOR SUMMARY DISMISSAL

1. **Background**

In a criminal action in the Third Judicial District Court in Canyon County, Idaho, Petitioner was convicted by jury of two counts of lewd conduct with a minor under the age of 16 and one count of sexual abuse of a minor under the age of 16, involving two victims, S.B. (Petitioner's 14-year-old granddaughter) and K.B. (S.B.'s 16-year-old friend). (State's Lodging A-2.)

Petitioner's first jury trial ended in a mistrial. Petitioner was convicted at a second jury trial. He was sentenced to concurrent terms of ten years fixed with ten years indeterminate on the two lewd conduct charges and five years fixed with ten years indeterminate on the sexual abuse charge. Petitioner's judgment of conviction was entered on October 17, 2012. (*See* State's Lodging A-1 to A-2.)

Petitioner filed a direct appeal asserting the sentence constituted an abuse of discretion. The Idaho Court of Appeals affirmed the sentences, and the Idaho Supreme Court denied Petitioner's petition for review of the claim. (*See* State's Lodging B-1 to B-7.)

Petitioner next filed a post-conviction relief petition, containing various ineffective assistance of counsel claims. After appointment of counsel (Gregory Swanson of the Canyon County public defender's office) and a hearing, the state district court granted the State's motion for summary dismissal. (*See* State's Lodgings C-1 to C-3.)

On appeal, Petitioner was appointed new counsel (experienced criminal defense attorney Deborah Whipple of Nevin, Benjamin, PLLC) who scoured the record and then filed a motion to withdraw, having found no appealable issue in the record. The motion was granted, and Petitioner proceeded pro se on appeal. In his appellate brief, Petitioner winnowed his claims down to two—that trial counsel was ineffective, first, for failing to call Petitioner as a witness to testify at trial and, second, for failing to adequately cross-examine the State's witnesses. (*See* State's Lodgings D-1 to D-5.) The Idaho Court of Appeals affirmed the summary dismissal of the two claims. (State's Lodging D-10.) Petitioner did not file a petition for review with the Idaho Supreme Court. In due course,

**MEMORANDUM DECISION AND ORDER - 3**

the Idaho Court of Appeals issued its remittitur, concluding Petitioner's related state court actions. (State's Lodging D-11.)

In this matter, Respondent asserts that all of Petitioner's claims are procedurally defaulted and the entire Petition should be dismissed with prejudice.

### 2. Standard of Law

Federal habeas corpus relief under 28 U.S.C. § 2254 is available to petitioners who show that they are held in custody under a state court judgment and that such custody violates the Constitution, laws, or treaties of the United States. *See* 28 U.S.C. § 2254(a). The Court is required to review a habeas corpus petition upon receipt to determine whether it is subject to summary dismissal. *See* Rule 4 of the Rules Governing Section 2254 Cases. Summary dismissal is appropriate where "it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." *Id*.

Habeas corpus law requires that a petitioner "exhaust" his state court remedies before pursuing a claim in a federal habeas petition. 28 U.S.C. § 2254(b). To exhaust a claim, a habeas petitioner must fairly present it as a federal claim to the highest state court for review in the manner prescribed by state law. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). Unless a petitioner has exhausted his state court remedies relative to a particular claim, a federal district court cannot grant relief on that claim, although it does have the discretion to deny the claim. 28 U.S.C. § 2254(b)(2).

State remedies are considered technically exhausted, but not *properly* exhausted, if a petitioner failed to pursue a federal claim in state court and there are no remedies now available. *O'Sullivan*, 526 U.S. at 848. A claim may also be considered exhausted, though not properly exhausted, if a petitioner pursued a federal claim in state court, but the state court rejected the claim on an independent and adequate state law procedural ground. *Coleman v. Thompson*, 501 U.S. 722, 731-732 (1991).

If a claim has not been properly exhausted in the state court system, the claim is considered "procedurally defaulted." *Coleman,* 501 U.S. at 731. A procedurally defaulted claim will not be heard in federal court unless the petitioner shows either that there was legitimate cause for the default and that prejudice resulted from the default, or, alternatively, that the petitioner is actually innocent and a miscarriage of justice would occur if the federal claim is not heard. *Id.*

To show "cause" for a procedural default, a petitioner must ordinarily demonstrate that some objective factor external to the defense impeded his or his counsel's efforts to comply with the state procedural rule at issue. *Murray v. Carrier*, 477 U.S. 478, 488 (1986). To show "prejudice," a petitioner bears "the burden of showing not merely that the errors [in his proceeding] constituted a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire [proceeding] with errors of constitutional dimension." *United States v. Frady*, 456 U.S. 152, 170 (1982).

An attorney's errors that rise to the level of a violation of the Sixth Amendment right to effective assistance of counsel may, under certain circumstances, serve as a cause to excuse the procedural default of other claims. *Murray v. Carrier*, 477 U.S. at 488.

However, an allegation of ineffective assistance of counsel will serve as cause to excuse the default of other claims *only* if the ineffective assistance of counsel claim itself is not procedurally defaulted or, if defaulted, a petitioner can show cause and prejudice for the default. *Edwards v. Carpenter*, 529 U.S. 446, 454 (2000). In other words, before a federal court can consider ineffective assistance of counsel as cause to excuse the default of underlying habeas claims, a petitioner generally must have presented the ineffective assistance of counsel claim in a procedurally proper manner to the state courts, such as in a post-conviction relief petition, including through the level of the Idaho Supreme Court.

As to a related but different topic–errors of counsel made on post-conviction review that cause the default of other claims–the general rule on procedural default is that any errors of a defense attorney during a post-conviction action *cannot* serve as a basis for cause to excuse a petitioner's procedural default of his claims. *See Coleman v. Thompson*, 501 U.S. at 752. This rule arises from the principle that a petitioner does not have a federal constitutional right to effective assistance of counsel during state post-conviction proceedings. *Pennsylvania v. Finley*, 481 U.S. 551 (1987); *Bonin v. Vasquez*, 999 F.2d 425, 430 (9th Cir. 1993).

*Martinez v. Ryan*, 566 U.S. 1 (2012), established a limited exception to this general rule. That case held that inadequate assistance of post-conviction review (PCR) counsel or lack of counsel "at initial-review collateral review proceedings may establish cause for a prisoner's procedural default of a claim of ineffective assistance at trial." *Id*. at 9. To demonstrate ineffective assistance of PCR counsel, a petitioner must show that a defaulted ineffective assistance of trial counsel claim is "substantial," meaning that the

claim has "some merit." *Id*. at 14. To show that a claim is substantial, Petitioner must show that trial counsel performed deficiently, resulting in prejudice, defined as a reasonable probability of a different outcome at trial. *Id*.; *see Strickland v. Washington*, 466 U.S. 668, 695-96 (1984).

If a petitioner cannot show cause and prejudice for a procedurally defaulted claim, he can still raise the claim if he demonstrates that the court's failure to consider it will result in a "fundamental miscarriage of justice." *McCleskey v. Zant*, 499 U.S. 467, 494 (1991). A miscarriage of justice means that a constitutional violation has probably resulted in the conviction of someone who is actually innocent. *Murray v. Carrier*, 477 U.S. at 496.

To show a miscarriage of justice, a petitioner must make a colorable showing of factual innocence, *Herrera v. Collins*, 506 U.S. 390, 404 (1993), meaning that the new evidence presented shows "it is more likely than not that no reasonable juror would have found Petitioner guilty." *Schlup v. Delo*, 513 U.S. 298, 327 (1995). Types of evidence that "may establish factual innocence include credible declarations of guilt by another, *see Sawyer v. Whitley*, 505 U.S. 333, 340 (1992), trustworthy eyewitness accounts, *see Schlup*, 513 U.S. at 331, and exculpatory scientific evidence." *Pitts v. Norris*, 85 F.3d 348, 350-51 (8th Cir. 1996). The evidence supporting the actual innocence claim must be "newly presented" evidence of actual innocence, meaning that "it was not introduced to the jury at trial"; it need not be "newly discovered," meaning that it could have been available to the defendant during his trial, though it was not presented to the jury. *Griffin v. Johnson*, 350 F.3d 956, 962–63 (9th Cir. 2013).

### 3. Discussion of Claims

Petitioner's Amended Petition contains fourteen ineffective assistance of counsel claims in his Amended Petition. Most pertain to Lance Fuisting of the Canyon County Public Defender's office, who represented Petitioner at the beginning of his case. The other claims pertain to Ryan K. Dowell took over representation after Fuisting left the public defenders' office.

#### A. *Claims against Lance Fuisting*

Claim One: Trial counsel refused to let Petitioner testify at trial. The prosecutor told the judge she did not want Petitioner to testify, and trial counsel agreed, but Petitioner disagreed.

Claim Two: Trial counsel failed to cross examine victim Kaylee Berube when she said she had been touched by Petitioner.

Claim Three: Trial counsel did not object when the prosecutor, Erica Kallin, raised physical violence issues regarding an incident where the victim jumped into Petitioner's lap and kneed him in the groin, and he slapped her on the leg—which provided the basis for a five-year sentence for abuse of a minor.

Claim Four: Trial counsel allowed the prosecutor to use a transcript of another trial at Petitioner's trial, even though the transcript had nothing to do with his case.

Claim Five: Trial counsel failed to cross-examine (or call as a defense witness) the State's witness Tammy Bartholomew (the victim's mother) regarding Petitioner going back to Rhode Island during the time period of the alleged sexual abuse and on other points that the prosecutor did not raise with that witness.

**MEMORANDUM DECISION AND ORDER - 8**

Claim Six: Trial counsel failed to raise the issue of Petitioner's sexual dysfunction during the relevant time period.

Claim Seven: Petitioner was not informed that trial counsel was leaving the public defender's office. Counsel did not help him get another attorney; counsel left Petitioner in jail for three months without counsel, and finally the Court appointed new counsel from the same office the day before sentencing.

Claim Nine: Trial counsel did not file a motion regarding a speedy trial after 180 days passed without having a trial.

Claim Ten: Trial counsel failed to raise the issue on cross-examination of Caldwell City Officer Cheryl Wendell that she set up a confrontational call between the alleged victim and Petitioner without informing Petitioner of his rights, as a means of improperly interrogating Petitioner.

Claim Eleven: Trial counsel failed to cross-examine State's witness/victim Shannon Bartholomew about hitting Petitioner or being hit by Petitioner, which was necessary because the prosecutor fabricated these allegations.

Claim Twelve: Trial counsel failed to cross-examine Shannon Bartholomew for fabricating the entire factual basis of the criminal charges to retaliating against Petitioner, and her grandfather (who caught her having sex with older boys and told her he would put her in detention).

Claim Thirteen: Counsel failed to move to disqualify the judge assigned to the case, Judge Renae J. Hoff, was dismissed from the bench for DUI for a short time, but

**MEMORANDUM DECISION AND ORDER - 9**

then returned to the bench five months later conducting sentencing hearings. Petitioner believes this is a bias that counsel should have addressed.

Claim Fourteen: Counsel was ineffective at the sentencing phase. He never obtained a copy of Petitioner's criminal record. He never brought up Petitioner's stable work history—Petitioner was 60 years old and had the same job for 35 years. Petitioner asserts he had worked with people in their homes and with their children with "total trust." He "was not listed on the national sex offender's site, and had no related history in spillman or NCIC [sic]."

(Dkt. 23, pp. 2-5.)

### B. *Claims against Ryan Dowell*

Claim Eight: Counsel did not adequately prepare for sentencing, failed to review the presentence report with Petitioner, lied to the judge, and didn't know Petitioner's name when they went to court. (Dkt. 23, p. 3.)

### 4. Discussion of Procedural Default Issues

Respondent first opposes Petitioner's claims on the basis that although Petitioner brought two of his claims before the Idaho Court of Appeals, he raised none of the claims before the Idaho Supreme Court. Accordingly, Respondent argues, Petitioner did not give the Idaho Supreme Court a full and fair opportunity to consider and remedy the alleged federal constitutional violations and therefore the claims are considered procedurally defaulted in federal court.

Respondent's argument is simple and clear. Petitioner responds that he does not understand what procedural default means and he is unable to respond without legal help. Unfortunately, the law does not provide for counsel at this stage of proceedings. In addition, the Court concludes that legal help is not essential for Petitioner to consider and respond about why he did not raise his claims before the Idaho Supreme Court. The issue is straightforward and involves factual matters within Petitioner's knowledge. Respondent has explained the standards in his motion, but Petitioner has not come forward with any facts showing that his claims are not procedurally defaulted or that cause and prejudice or the miscarriage of justice exceptions should be applied in his case.

Turning to the record to determine whether there are any reasons contained therein that would constitute cause and prejudice or actual innocence, the Court finds none. No external cause is evident, such that the *Coleman* exception would apply. No ineffective assistance of post-conviction counsel is evident from the record, such that the *Martinez* exception would apply.

Additionally, the record does not reflect that Petitioner is actually innocent. The victims were teenagers who articulated their stories in detail. One of the victims had connected with a school counselor (a licensed clinical social worker). The counselor testified that based upon her interactions with the victim, the counselor believed the victim had been sexually abused. The Petitioner's own daughter, who is the mother of one of the victims, testified against him. A police officer testified about several interactions with Petitioner, including a confrontational call from the victim and an interview between Petitioner and the officer.

Petitioner contends that his granddaughter accused him in retaliation for his interference with her relationship with her 18-year-old boyfriend and for her mother's subsequent decision to move her to Washington, away from her boyfriend. Petitioner also asserts that the boyfriend was later charged with statutory rape regarding his relationship with the fourteen-year-old victim. However, it is far-fetched that another teenager would separately accuse Petitioner of sexual abuse, disclose that to her school counselor, and come to court to testify—all because that person's friend was angry at her grandfather.

The victim's relationship with her boyfriend and the move to Washington were brought up and probed at trial. The jury had opportunity to hear Petitioner's defense through his counsel's questioning and argument. Petitioner's counsel did not put Petitioner on the stand to testify as a matter of strategy. Petitioner does not have any particularly damaging evidence to the prosecution's case that his testimony would have raised or that shows he is actually innocent of the crimes. (*See* State's Lodgings A-8, A-9, C-1.)

The Court has considered that Petitioner had counsel Randall S. Grove from the Canyon County public defender's office to aid him in his post-conviction matter. Petitioner also had counsel Deborah Whipple aiding in him reviewing that matter to see whether there were any meritorious issues for appeal. After a review of all materials in Petitioner's file, Ms. Whipple found no arguable appeal issues. Further appointment of counsel at taxpayer expense is not warranted. Accordingly, the Second Amended Petition for Writ of Habeas Corpus, and this entire action, will be dismissed with prejudice.

# ORDER

**IT IS ORDERED:**

1. Petitioner's implicit request to file a Second Amended Petition (Dkt. 23) is GRANTED.

2. Respondent's Motion for Summary Dismissal (Dkt. 20) is GRANTED, as its reasoning is equally applicable to the Amended Petition (Dkt. 11) or the Second Amended Petition (Dkt. 23), because they are identical.

3. Respondent's Motion to Strike Second Amended Petition (Dkt. 25) is DENIED.

4. Petitioner's Motion for Permission to File Order of Time Notice (Dkt. 26) is DENIED as MOOT. Petitioner points to the petition for review he filed in the direct appeal as evidence that he filed a petition for review in the post-conviction matter. (See State's Lodging B-5.) He is mistaken. The petition for review in the direct appeal is already contained in the record and need not be re-filed.

5. The Court's resolution of this habeas matter is not reasonably debatable; therefore, a certificate of appealability will not issue. See 28 U.S.C. § 2253(c); Rule 11 of the Rules Governing Section 2254 Cases. If Petitioner files a timely notice of appeal, the Clerk of Court shall forward a copy of the notice of appeal, together with this Order, to the United States Court of Appeals for the Ninth Circuit. Petitioner may seek a certificate of appealability from the Ninth Circuit by filing a request in that court.

DATED: March 20, 2019



_____
Honorable Ronald E. Bush
Chief U. S. Magistrate Judge